## Miami University
### v.
### State Employment Relations Bd.
*[Cite as 8 AOA 540]*

*Case No. 89AP-1471*
*Franklin County, (10th)*
*Decided December 6, 1990*

*William C. Moul, Thompson, Hine & Flory, for Appellee.*

*Anthony J. Celebrezze, Jr., Attorney General, and Michele Morris, for Appellant, State Employment Relations Board.*

*N. Victor Goodman, Mark D. Tucker and James F. DeLeone, Benesch, Friedlander, Coplan & Arnoff, for Appellant, American Federation of State, County and Municipal Employees.*

*Rochelle L. Gardner, for Intervenor-Appellant.*

BURKHART, J.

Appellants appeal, a judgment of the court of common pleas granting appellee "temporary relief" directing appellant State Employment Relations Board ("SERB") to conduct a decertification election and enjoining SERB from proceeding further with an unfair labor practice allegation filed against appellee.

Appellant, Ohio Council 8, American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME"), was certified in 1985 as the exclusive representative for a bargaining unit comprised of employees of appellee, Miami University ("Miami"). In August 1986, AFSCME and Miami entered into a collective bargaining agreement which expired in August 1989. An employee in the bargaining unit filed with SERB in May 1989 a petition requesting that a decertification election be conducted pursuant to R.C. 4117.07(A)(1). SERB dismissed this petition without prejudice on May 16, 1989.

Miami appealed the dismissal of the petition to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. While the appeal was pending before the common pleas court, Miami moved the court to enjoin AFSCME and SERB from proceeding upon an unfair labor practice charge filed by AFSCME against Miami. SERB and AFSCME filed motions to dismiss Miami's appeal. Following a hearing, the common pleas court issued an order on December 7, 1989, which granted relief to Miami as follows:

"A temporary injunction is hereby issued, restraining SERB from any further delay in proceeding promptly and properly with a decertification election, or such other election procedure as may be appropriate to determine

(A) whether AFSME [sic] presently represents the majority of Miami's employees so as to be entitled to be exclusive bargaining agent for those employees; and (B) depending upon the answer to (A), what organization, if any, is an appropriate exclusively [sic] bargaining agent for the petitioners, or whether a majority of the employees of Miami desire at this time to be represented by any exclusive bargaining agent.

"Pending resolution of these issues, AFSCME is temporarily enjoined from [sic] proceeding further with any unfair labor practice allegation against Miami, and SERB is similarly enjoined from conducting any fact finding hearings or other procedures which might have as their ultimate result an Order compelling contract negotiations between Miami and ASFCME.

"This matter is remanded to SERB for such proceedings. The temporary injunction shall remain in effect until the procedures required by this Order are conducted, the election is held, and the results are announced by an appropriate Order from SERB. Bond is dispensed with, and this cause is continued for further Order."

Both SERB and AFSCME timely appealed the judgment of the common pleas court to this court. SERB sets forth the following three assignments of error:

*"ASSIGNMENT OF ERROR NO. 1.*
"THE COMMON PLEAS COURT ERRED WHEN IT FAILED TO DISMISS THE INSTANT MATTER FOR LACK OF SUBJECT MATTER JURISDICTION.

*"ASSIGNMENT OF ERROR NO. 2.*
"THE COMMON PLEAS COURT ERRED AS A MATTER OF LAW BY INCORRECTLY INTERPRETING O.R.C. 4117.07 AND O.A.C. 4117-5-02(C)(5)(a).

*"ASSIGNMENT OF ERROR NO. 3.*
"THE COMMON PLEAS COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO APPLY THE APPROPRIATE STANDARD OF REVIEW IN THIS CASE."
ASFCME asserts the following as its assignments of error:

*"ASSIGNMENT OF ERROR NO. 1.*
"THE LOWER COURT ERRED BY RULING THAT MIAMI UNIVERSITY HAD STANDING UNDER R.C. 119.12 TO MAINTAIN AN APPEAL UNDER R.C. CHAPTER 119.

*"ASSIGNMENT OF ERROR NO. 2.*
"THE LOWER COURT ERRED BY RULING THAT SERB'S DISMISSAL OF THE PETITION FOR DECERTIFICATION WAS AN ADJUDICATION AS DEFINED IN R.C. 119.01(D), AND THEREFORE COULD BE APPEALED TO THE COMMON PLEAS COURT PURSUANT TO R.C. 119.12.

*"ASSIGNMENT OF ERROR NO. 3.*
"THE LOWER COURT ERRED BY RULING THAT SERB'S DISMISSAL OF THIS ACTION WAS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE, AND WAS NOT IN ACCORDANCE WITH LAW."

This court denied Miami's motion to dismiss the appeal and granted in part appellants' motion to stay the judgment of the common pleas court. *Miami University v. State Employment Relations Board* (Mar. 1, 1990), Franklin App. No. 89AP-1471, unreported (1990 Opinions 673). Since appellants' initial assignments of error raise identical arguments regarding standing under R.C. 119.12, this court will consider the arguments of both parties jointly.

Appellants contend that the common pleas court erred in failing to dismiss the appeal for the reason that Miami lacks standing under R.C. Chapter 119 to pursue an appeal of SERB's order dismissing the decertification petition. Both SERB and AFSCME maintain that only employees may file a petition seeking the decertification of the exclusive representative of a bargaining unit. As such, appellants conclude that a public employer, such as Miami, has no interest which is adversely affected by the dismissal of the decertification petition.

Initially, it is important to note that the narrow issue presented is the standing of a public employer to appeal from a dismissal by SERB of a decertification petition.

R.C. 119.12 grants a right of appeal from an agency adjudication order to any party adversely affected by such order. Standing to appeal an adverse order arises under R.C. 119.12 in favor of parties who are entitled to statutory notice of an administrative proceeding and have the right to participate in any hearing conducted by the administrative

agency. See *Genoa Banking Co. v. Mills* (1981), 67 Ohio St. 2d 106, 112; accord *Clermont Natl. Bank v. Edwards* (1970), 27 Ohio App. 2d 91.

This court has also addressed the issue of standing to appeal under R.C. 119.12 in several unreported decisions. In *Pinkney v. Ohio Dept. of Indus. Relations* (Sept. 17, 1974), Franklin App. No. 74AP-231, unreported (1974 Opinions 2332), this court distinguished our prior decision in *Clermont, supra,* on the basis that the appealing bank in *Clermont* was statutorily entitled to notice and a right to be heard. *Pinkney* at 2335. The appellant in *Pinkney* had no statutory entitlement to notice or a hearing regarding a proceeding before the Ohio Department of Industrial Relations and, thus, was not a proper party to a R.C. 119.12 appeal. *Id.* at 2335-2336. Likewise, in *Barnes v. State Bd. of Edn.* (Dec. 14, 1976), Franklin App. No. 76AP-423, unreported (1976 Opinions 4272), this court concluded that citizens whose interest had been adversely affected by a decision of the State Board of Education were nevertheless not entitled to appeal the board's decision since the citizens had no statutory entitlement to a hearing before the board. *Id.* at 4275-4277. The same conclusion was reached in *Barron v. Bur. of Motor Vehicles* (Dec. 2, 1980), Franklin App. No. 88AP-470, unreported" (1980 Opinions 3668). Although Barron was statutorily entitled to file a complaint against a motor vehicle dealer, he had no standing to appeal, under R.C. 119.12, a decision of the Bureau of Motor Vehicles not to find a violation by the motor vehicle dealer subsequent to an investigation. The statute provided only the right to have an investigation conducted and gave no right to a hearing. *Id.* at 3672. But, see, *State, ex rel. Barron, v. Ohio Motor Vehicle Dealer's Bd.* (1981), 2 Ohio App. 3d 454. However, if a person is statutorily entitled to cause the administrative investigation of alleged illegal conduct and also entitled to notice of a hearing subsequent to a probable cause determination by the administrative agency that illegal conduct has occurred, such person has standing to appeal under R.C. 119.12. See, *e.g., Babcock & Wilcox Co. v. Hurd* (Aug. 4, 1977), Franklin App. No. 77AP-574, unreported (1977 Opinions 2835, 2839-2840).

In sum, if a "person" -- as defined in R.C. 119.01(F) -- is statutorily granted specific rights or interests which are the subject of an administrative proceeding, then such "person" has standing to appeal under R.C. 119.12 an administrative decision if that person is also provided the opportunity by statute to assert those interests in an administrative hearing.

In the context of R.C. Chapter 4117, the Supreme Court of Ohio has concluded that a public employer who participated in a hearing before SERB which results in an order directing that a rerun election be held is a party who may appeal such decision pursuant to R.C. 119.12. *Hamilton County Bd. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio* (1989), 46 Ohio St. 3d 147. While the Supreme Court did not discuss what interests of the public employer were adversely affected by the SERB rerun order, the court relied upon this court's decision in *Staples v. Ohio Civil Service Employees Assoc./American Federation of State, County, and Municipal Employees, Loc. 11, AFL-CIO* (1986), 32 Ohio App. 3d 9. In *Staples,* we concluded that an employer has standing to appeal pursuant to R.C. 119.12 from a SERB rerun election order because its statutory right guaranteed by R.C. 4117.07 to not have another election within twelve months of a prior election was adversely affected by the rerun order. *Staples,* at 12-13. Moreover, the facts giving rise to the *Hamilton County* decision reveal that the rules promulgated by SERB regarding the conduct of the rerun election directly impacted the public employer's management rights with respect to its employees. *Hamilton County,* at 148.

R.C. 4117.07(A) (1), provides in part, that:

"(A) When a petition is filed, in accordance with rules prescribed by the state employment relations board:

"(1) By any employee *** asserting that the designated exclusive representative is no longer the representative of the majority of employees in the unit, the board shall investigate the petition, and if it has reasonable cause to believe that a question of representation exists, provide for an appropriate hearing upon due notice to the parties[.]"

The right granted by R.C. 4117.07(A) (1) to have SERB investigate a decertification petition is solely that of a public employee. A public employer has no statutory right to seek decertification of an existing exclusive representative. In fact, Miami concedes that

any conduct on its part seeking decertification would violate R.C. 4117.11(A). The General Assembly has determined via R.C. 4117.07(A) (1) that the right to seek decertification of an existing exclusive bargaining representative is, in the first instance, solely the right of public employees. To the extent a public employer has any interest in the decertification process, an issue we do not address herein, such right arises, if at all, only subsequent to a determination by SERB that reasonable cause exists to believe that a question of representation exists. Accordingly, the decision of SERB in this case to dismiss the decertification petition prior to a probable cause investigation did not adversely impact any statutory interest held by Miami.

Whatever merit there might be in Miami's argument that it could be susceptible to an unfair labor practice charge if it bargains with ASFCME despite a good-faith doubt as to the majority status of ASFCME, that argument has no application in this case. Rather, Miami's argument is pertinent solely to an unfair labor practice proceeding pursuant to R.C. 4117.12. As noted above, the right granted by R.C. 4117.07(A) (1) is the right of a public employee to assert that the designated exclusive bargaining representative no longer represents the interests of the majority of employees in the bargaining unit. The statute in no way grants to a public employer any interest in seeking decertification in the first instance. While Miami's asserted good-faith doubt as to the majority status of ASFCME may be a basis for refusing to bargain with ASFCME and may also result in an unfair labor practice charge against Miami, such interests are not adversely affected by SERB's dismissal of the employee's decertification petition. Miami may still raise its good-faith doubt as a basis for refusing to bargain with AFSCME.

For all of the above reasons, this court concludes that Miami lacks standing under R.C. 119.12 to appeal from a decision of SERB dismissing a decertification petition filed by a public employee pursuant to R.C. 4117.07(A)(1). Accordingly, ASFCME's first assignment of error and the first branch of SERB's first assignment of error is sustained.

In light of this court's determination that Miami had no standing to maintain this R.C. 119.12 appeal to the Franklin County Court of Common Pleas, any further error alleged by either SERB or ASFCME is nonprejudicial. Accordingly, the remaining assignments of error of both parties are overruled.

Having sustained the first assignment of error of ASFCME and having sustained in part and overruled in part the first assignment of error by SERB, the judgment of the common pleas court is vacated. This matter is remanded to that court with instructions to dismiss the appeal brought by Miami.

*Judgment vacated;*
*cause remanded*
*with instructions.*

McCORMAC and YOUNG, J.J., concur.

BURKHART, J., of the Muskingum County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.