**OHIO ASSOCIATION OF LIFE UNDERWRITERS, Inc. et al., Appellants,**

v.

**DURYEE, Supt., Appellee; Huntington Life Insurance Agency, Inc., Appellee.**

[Cite as *Ohio Assn. of Life Underwriters, Inc. v. Duryee* (1994), 95 Ohio App.3d 532.]

Court of Appeals of Ohio,
Franklin County.

No. 94APE01–24.

Decided June 16, 1994.

*Means, Bichimer, Burkholder & Baker Co., L.P.A., Craig D. Leister, Richard W. Ross* and *Robert M. Morrow,* for appellants.

*Lee Fisher,* Attorney General, and *Ava W. Serrano,* Assistant Attorney General, for appellee.

*Porter, Wright, Morris & Arthur, Anthony J. Celebrezze, Jr., Kathleen M. Trafford, Michael J. Barren* and *H. Grant Stephenson,* for intervening defendant-appellee Huntington Life Insurance Agency, Inc.

CLOSE, Judge.

This case is an appeal from a judgment dismissing an action for declaratory and injunctive relief as it relates to Huntington Life Insurance Agency, Inc.'s application for a life insurance agency license. The license application is currently pending before the Superintendent of the Ohio Department of Insurance. Plaintiffs-appellants, Ohio Association of Life Underwriters, Inc. ("OALU") and Robert M. Roach, filed a verified complaint against Harold T. Duryee, in his official capacity as Superintendent of the Ohio Department of Insurance ("superintendent"), defendant-appellee. Huntington Life Insurance Agency, Inc. ("Huntington Life") intervened as a party-defendant.

In their complaint, appellants sought declaration that: (1) the application did not satisfy the "beneficial interest" or the "principal purpose" tests under R.C. 3905.18(C); (2) Huntington Life was the alter ego of Huntington BancShares, Incorporated; and (3) the superintendent lacked authority to issue a life insurance agency license to Huntington Life. Appellants also sought to enjoin appellee, superintendent, from issuing the license to appellee, Huntington Life. The trial court granted appellees' motion to dismiss, upon concluding that there were no facts entitling appellants to relief.

On appeal, appellants raise the following assignments of error:

"First Assignment of Error:

"The lower court was in error in finding no set of facts entitling plaintiffs-appellants to recovery and thereby granting a motion to dismiss pursuant to Civil Rule 12(B)(6).

"Second Assignment of Error:

"The lower court was in error in determining that *Independent Insurance Agents of Ohio, Inc. v. Fabe* (1992), 63 Ohio St.3d 310, and Ohio Revised Code §§ 3905.01 and 3905.04 were dispositive of this case pursuant to Civil Rule 12(B)(6)."

In their first assignment of error, appellants allege that dismissal was improper because a real controversy exists between the parties and because no other remedy is available. Appellants claim controversy solely from the alleged fact that the superintendent is about to issue a license to Huntington Life and that appellants will suffer from competition as a result. Appellants represent that they have "no right to participate" in the administrative licensure process and that, consequently, they are arguably not a "party" under R.C. 119.01(G). Based on this, appellants claim that they have no alternate remedy.

Appellees, on the other hand, allege that appellants are merely intermeddling with the life insurance licensure process. Declaratory judgment, appellees allege, would preempt the superintendent's authority under R.C. 3905.18(C) to make the initial determination of whether or not Huntington Life's application meets the requirements for licensure. In addition, appellants' action is allegedly premature because the superintendent has not yet acted upon the application.

 The essential elements for declaratory relief are: (1) a real controversy between the parties; (2) the controversy is justiciable in character; and (3) speedy relief is necessary to preserve the rights of the parties. *Burger Brewing Co. v. Ohio Liquor Control Comm.* (1973), 34 Ohio St.2d 93, 63 O.O.2d 149, 296 N.E.2d 261; *Swander Ditch Landowners' Assn. v. Joint Bd. of Huron & Seneca Cty. Commrs.* (1990), 51 Ohio St.3d 131, 135, 554 N.E.2d 1324, 1328. A court may dismiss a declaratory judgment action under Civ.R. 12(B)(6) only where (1) there is no controversy or justiciable issue between the parties, or (2) declaratory judgment will not terminate the uncertainty or controversy, under R.C. 2721.07. *AEI Group, Inc. v. Ohio Dept. of Commerce* (1990), 67 Ohio App.3d 546, 550, 587 N.E.2d 889, 891–892.

 Appellants allege that Huntington Life's application violates R.C. 3905.18(C) requirements. As between the parties, however, neither a controversy nor a justiciable issue exists because appellants have not established rights or

legal interests of their own in this license application process. Under R.C. 2721.03, one seeking declaratory relief must have "rights, status, or other legal relations" affected. Specifically, R.C. 2721.03 provides:

"Any person * * * whose rights, status, or other legal relations are affected by a * * * statute * * * may have determined any question of construction or validity arising under such * * * statute * * * and obtain a declaration of rights, status, or other legal relations thereunder."

R.C. 3905.18(C), the statute governing licensure of corporate life insurance agencies, makes no provision for third parties such as appellants. Therefore, appellants have no rights or legally protected interests under R.C. 3905.18(C) which may properly be the subject of declaratory judgment action. Appellants claim, however, that they will suffer a competitive disadvantage if the license is granted. Any implication that appellants will suffer irreparable economic harm is speculative, however, and not sufficient to give appellants standing to bring this declaratory judgment action.

In this declaratory judgment action, appellants do not seek determination of the validity of R.C. 3905.18(C), or construction of its terms. Appellants, instead, challenge a specific application for a corporate life insurance agency license. This is not a justiciable issue under R.C. 2721.03. We conclude that, even aside from this, appellants have not established the preliminary "rights, status, or other legal relations" requirement necessary to bring an action for declaratory relief. The trial court, therefore, did not abuse its discretion in dismissing appellants' action.

We note also that declaratory relief at this stage of the life insurance application process would preempt the superintendent's statutory authority to make the initial determination regarding licensure. Furthermore, appellate review is provided in R.C. 3905.18(D), only *after* a license has been granted under R.C. 3905.18(C). R.C. 3905.18(D) does not require notice to third parties or otherwise specifically provide an opportunity to assert rights and interests of third parties. However, neither provision, R.C. 3905.18(C) or (D), grants specific rights or interests to third parties, such as appellants. Therefore, it appears that the General Assembly did not intend for third parties to challenge the licensure of other corporate life insurance agency applicants. See *Miami Univ. v. State Emp. Relations Bd.* (1990), 70 Ohio App.3d 514, 591 N.E.2d 415; *Genoa Banking Co. v. Mills* (1981), 67 Ohio St.2d 106, 21 O.O.3d 67, 423 N.E.2d 161; *Clermont Natl. Bank v. Edwards* (1970), 27 Ohio App.2d 91, 56 O.O.2d 268, 273 N.E.2d 783, regarding standing to appeal agency actions.

Appellants' first assignment of error is overruled.

In their second assignment of error, appellants claim that the trial court abused its discretion when it relied upon *Indep. Ins. Agents of Ohio, Inc. v. Fabe*

(1992), 63 Ohio St.3d 310, 587 N.E.2d 814. *Fabe* dealt with the licensure of an other-than-life insurance agent. The Supreme Court held that R.C. 3905.01(B) and 3905.04 do not prohibit the licensing of applicants affiliated with non-insurance financial institutions. The trial court correctly noted that appellants were not challenging the constitutionality or validity of R.C. 3905.18(C), and that the superintendent had authority to make the initial determination. On this basis, the trial court held that a justiciable issue did not exist. We find no error.

Appellants' second assignment of error is overruled.

Appellants' assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and BOWMAN, J., concur.