LUCAS, Appellant,

v.

GEE et al., Appellees.

[Cite as *Lucas v. Gee* (1995), 104 Ohio App.3d 423.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE09–1343.

Decided June 1, 1995.

424

*Vincent Lucas, pro se.*

*Betty D. Montgomery,* Attorney General, and *John C. Dowling,* Assistant Attorney General, for appellees Ohio State University, E. Gordon Gee, and James Nichols.

DESHLER, Judge.

This is an appeal by plaintiff, Vincent Lucas, from a judgment of the Franklin County Court of Common Pleas in favor of defendants, following the court's conversion of defendants' motion to dismiss to a motion for summary judgment.

The underlying basis of this action arose out of an April 9, 1994 meeting of the University Senate of defendant Ohio State University ("OSU"). During that

meeting, the University Senate voted 69–10 to include OSU's existing sexual harassment policy as an express provision in OSU's Code of Student Conduct.

On May 4, 1994, plaintiff filed a complaint on behalf of himself, the members of the University Senate, the faculty and staff of OSU and "all others similarly situated," against defendants, OSU, E. Gordon Gee and James Nichols. The complaint alleged that plaintiff was a graduate student at OSU and a voting member of the University Senate, and that defendant Gee, the president of OSU, was the presiding officer of the University Senate at a meeting on April 9, 1994. It was alleged that Gee, while presiding at the meeting, "blatantly disregarded the Bylaws of the University Senate" and acted in violation of various provisions of "Robert's Rules of Order."

On May 18, 1994, plaintiff filed a motion for class action determination. Defendants filed a memorandum in opposition to plaintiff's motion.

On June 7, 1994, defendants filed a motion to dismiss plaintiff's complaint, alleging that the complaint failed to state a claim for relief and that Lucas, a non-lawyer, was engaged in the unauthorized practice of law by the commencement and prosecution of a class action. On June 21, 1994, plaintiff filed a motion for summary judgment. Plaintiff subsequently withdrew this motion and the trial court, by entry filed July 14, 1994, denied plaintiff's motion for summary judgment as moot.

By decision and entry filed July 7, 1994, the trial court denied plaintiff's motion for class determination on the basis that plaintiff, as a non-lawyer, could not maintain this action on behalf of a class. The trial court further converted defendants' motion to dismiss into a motion for summary judgment and set the matter for a non-oral hearing on August 3, 1994. Defendants filed a supplemental memorandum on July 21, 1994. Attached to the memorandum were various affidavits.

By decision filed August 10, 1994, the trial court granted summary judgment in favor of defendants. Based upon the affidavits submitted, the trial court held in part:

" * * * The Court carefully reviewed the submitted affidavits and as a result, finds that regardless of any declaratory ruling this Court may render with reference to the alleged breach of Robert's Rules of Order, the Ohio State University Board of Trustees, in compliance with a federal mandate, adopted a university-wide sexual harassment policy on November 5, 1993. Plaintiff has not challenged the adoption of the policy on November 5, 1993.

"Plaintiff has also not challenged the Board of Trustees' adoption of the sexual harassment policy on June 3, 1994. As pled, Plaintiff's sole quarrel is with the procedure by which the University Senate *recommended* to the Board of Trust-

ees that the policy again be adopted. On April 9, 1994, the University Senate recommended that the Board of Trustees *expressly* incorporate the policy into the Code of Student Conduct, whereas the November 5, 1993 action only *implicitly* adopted the policy with respect to the Code of Student Conduct. This Court finds that Plaintiff has failed to satisfy the first element of the *Duryee* [*Ohio Assn. of Life Underwriters, Inc. v. Duryee* (1994), 95 Ohio App.3d 532, 534, 642 N.E.2d 1145, 1146] rule, i.e. that a real controversy exists between the parties. Moreover, the Court finds that no genuine issue of material fact exists with respect to plaintiff's claim for declaratory relief. The sexual harassment policy applies irrespective of whether or not this Court finds that Defendant, Gee, violated Robert's Rules of Order." (Emphasis *sic.*)

The trial court further found that plaintiff's action was moot as a result of the Board of Trustees' action of June 3, 1994, at which time the sexual harassment policy was expressly incorporated into the Code of Student Conduct. The court further agreed with defendants' contention that the court lacked jurisdiction to review or interfere with the internal procedures and proceedings of a legislative body.

On appeal, plaintiff asserts four assignments of error for review:

"1. The trial court erred in dismissing the First and Fourteenth Amendment issues of this case.

"2. Even ignoring the constitutional issues of this case, the trial court erred in holding that it lacked jurisdiction over the subject matter of this case.

"3. The trial court erred in holding that the actions of the Board of Trustees of Ohio State University on June 3, 1994 rendered this case moot, especially with regards to the injunctive relief sought.

"4. The trial court erred in not granting Plaintiff's motion for a continuance of the non-oral hearing set for Aug. 3, 1994 on Defendants' Motions to Dismiss, NKA Motion for Summary Judgment, where such continuance was sought because Defendants' Motion for a Protective Order, filed July 15, 1994, substantially delayed Plaintiff's discovery efforts."

■ Plaintiff's first assignment of error regarding a denial of First and Fourteenth Amendment rights is not reviewable on this appeal as plaintiff did not raise these questions in the trial court. The complaint of plaintiff did not allege constitutional deprivations and the trial court's decision rendering summary judgment in favor of defendants does not mention any claims of violation of constitutional rights. The trial court's decision was premised upon the conclusions that any violation of Robert's Rules of Order occurring in the University Senate would be nonjusticiable and the issue was moot in view of action subsequently taken by the OSU Board of Trustees.

As stated in *Wright v. State* (1990), 69 Ohio App.3d 775, 783, 591 N.E.2d 1279, 1284:

" * * * We will not guess at what the trial court was '*sub silentio weaving*' into its decision. When an issue is not decided at the trial level, we will not address it at the appellate level, particularly in light of the maxim that a decision should be rendered on nonconstitutional grounds first, if possible."

The error claimed by plaintiff is not reviewable on appeal as such claims were neither advanced by plaintiff in the trial court nor decided by the trial court upon rendering its decision converting the motion to dismiss to one of summary judgment. Plaintiff's first assignment of error is therefore overruled.

■ Plaintiff's second assignment of error suggests "even ignoring the constitutional issues of this case, the trial court erred in holding that it lacked jurisdiction over the subject matter of this case." As a constant theme in plaintiff's pleadings, briefing and arguments, plaintiff contends that violation of Robert's Rules of Order by the presiding officer of the University Senate gave rise to justiciable issues relating to deprivation of constitutional rights. This contention is not supported by case law in Ohio and while other states may recognize such claims, Ohio has not enlarged the scope of constitutional protection to the extent urged by plaintiff. Many of the cases cited by plaintiff do not have direct application to the facts here as the litigation relating to legislative bodies in other states concerns popularly elected legislators, elected to the lawmaking body of a sovereign. Neither the application and use of Robert's Rules of Order in the University Senate nor the actions of the Senate itself are matters having the standing of law. Therefore, any claimed procedural violations, especially the procedural aspects of the interpretation and application of Robert's Rules of Order, do not give rise in substance to any enforceable constitutional claims.

■ In Ohio, we have perhaps a more restrictive view of judicial intervention in the workings of a legislative body. As stated in *State ex rel. Smith v. Ocasek* (Jan. 10, 1975), Franklin App. No. 75AP–9, unreported:

"The rules as adopted by the legislative body of the state are generally to be considered as internal affairs of such legislative body, and based upon the separation of powers of the state between executive, legislative and judicial, *are non-litigable and shall not be disturbed by the courts.*

"* * *

" * * * [W]here rules are not prescribed by the Ohio Constitution, such rules as enacted by the legislative body would be beyond the purview of the courts." (Emphasis *sic*.)

This principle of noninterference, as alluded to in *Ocasek, supra,* is found throughout Ohio case law and has not been altered by subsequent case development or statute. It is obvious that if the courts have great reluctance to interfere with the internal working of the state's duly elected legislative House and Senate, certainly this doctrine extends to the internal workings of a body such as the University Senate. The principle of nonintervention has further application in the case before us as it is clear from statutes and Administrative Code sections that the University Senate, while adopting Robert's Rules of Order as the guidelines for parliamentary procedure, permits its internal procedures to be administered at the discretion of its officers. The violation of rules by the chairman or presiding officer of the Senate does not give rise to justiciable claims of deprivation of constitutional rights. Thus, the trial court correctly concluded that to the extent plaintiff's major claim for relief was founded upon alleged violations of Robert's Rules of Order by the presiding officer of the University Senate, the court was without subject matter jurisdiction to consider the merits of plaintiff's case. Accordingly, plaintiff's second assignment of error is overruled.

In his third assignment of error, plaintiff urges that the trial court erred in concluding that action by the OSU Board of Trustees on June 3, 1994, incorporating a university wide sexual harassment policy into the Code of Student Conduct, mooted the basic issue raised by plaintiff relating to earlier action in the University Senate. While it is clear that the University Senate has authority to make recommendations to OSU's Board of Trustees, such recommendations do not limit one way or the other the Board of Trustees' authority to act on all matters within its broad jurisdiction over university policies. As correctly stated by defendants, "once the Ohio State's Board unanimously adopted the Student Code sexual harassment policies, it is no longer a matter whether the Senate proceedings were in complete technical compliance with Robert's Rules of Order or not." As we have already stated, the plaintiff's challenge to the propriety of the application of Robert's Rules of Order by the presiding officer of the University Senate does not give rise to justiciable claims relating to constitutional rights. The subsequent action of the Board of Trustees does result in a valid claim of mootness since the very policy under consideration by the University Senate became OSU policy as a consequence of the action taken by the Board of Trustees. We note parenthetically that there has been no direct challenge to the validity of the action taken by the OSU Board of Trustees. Therefore, we conclude that the trial court did not err in its conclusion that the issues raised by plaintiff were mooted by the action of the OSU Board of Trustees. Plaintiff's third assignment of error is overruled.

Plaintiff's fourth assignment of error relates to a claim of procedural error when the trial court denied plaintiff's request for a continuance of the non-

oral hearing date set for August 3, 1994 on defendants' motion to dismiss which was converted to a motion for summary judgment. It appears that plaintiff sought additional time so that discovery could be completed. However, the record discloses that additional time for discovery was not justified in view of the legal questions before the trial court. The control of the docket and consideration of motions by the trial court rests within the trial court's sound discretion and in accordance with the Rules of Civil Procedure. We find no abuse of discretion by the trial court's denial of additional time for discovery and the consequent denial of plaintiff's request for continuance. There is nothing in the factual background of this case that would provide any justification for massive discovery and endless depositions. Such accommodation by the trial court, as far as permitting additional and extensive discovery, would in retrospect be an abuse of the discovery process. The issues before the trial court were founded upon a generally uncontroverted factual background obviating the necessity for protracted discovery. Thus, a resolution of the case was properly addressed by way of summary judgment. We find no abuse of discretion on the part of the trial court in denying plaintiff's request for continuance of the non-oral hearing date. Accordingly, plaintiff's fourth assignment of error is overruled.

Defendants raised in their brief as an "additional assignment of error" the issue of plaintiff's standing regarding the seeking of injunctive relief. Since this issue should have been posited by way of a cross-appeal, pursuant to App.R. 3, as amended, we will not consider this assignment of error. Our decision on other issues in this case should provide ample guidance to a trial court in the event there is continued litigation emanating from any actions occurring in the University Senate involving plaintiff.

Having overruled each of plaintiff's assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PEGGY BRYANT and STRAUSBAUGH, JJ., concur.

DEAN STRAUSBAUGH, J., retired of the Tenth Appellate District, sitting by assignment.