Weygandt, C. J.
 

 The sole question presented in the Court of Appeals and in this court is whether the trial court was in error in overruling the defendants*' demurrer to the plaintiff’s petition.
 

 The plaintiff states that it instituted this action under favor of Section 12102-1, General Code, which provides in part that “courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.”
 

 The defendants contend that these provisions are restricted by the following language of Section 12102-2, General Code:
 

 “Any person interested under a deed, will, written contract or other writings constituting a contract, or' whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder. ”
 

 To sustain their view the defendants rely upon the decision of this court in the case of the
 
 Ohio Farmers Ins. Co.
 
 v.
 
 Heisel,
 
 143 Ohio St., 519, 56 N. E. (2d), 151, in which it was held that “an insurer may not obtain a declaratory judgment with reference to its insurance
 
 *48
 
 policy when no question of construction or validity thereof is raised.”
 

 The defendants insist that a declaratory judgment may not be employed for the purpose of obtaining “mere findings of fact where there is no contract to be interpreted.” In the opinion in the
 
 Ohio Farmers Ins. Co.
 
 case, supra, it was emphasized that the sole issue presented was a question merely of fact as to whether at the time of the collision the automobile was being-driven with the permission of the insured. No question was raised as to “rights, status or other legal relations” either under the insurance policy or otherwise. It is true, as contended by the defendants, that in .Section 12102-2, General Code, a “written contract or other writings constituting a contract” are mentioned, but there is nothing to indicate that these provisions are intended as such a limitation on the preceding- section. To the contrary, in cognate Section 12102-5, General Code, it is provided expressly that “the enumeration in sections 2, 3 and 4 [Sections 12102-2, 12102-3 and 12102-4, General Code] does not limit or restrict the exercise of the general powers conferred in section 1 [Section 12102-1, General Code] in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty.” In the first section jurisdiction is conferred “to declare rights, status, and other legal relations.” This is precisely the relief asked by the plaintiff. Concededly the term of the written lease together with the fourteen-month extension had ex-' pired at the time the plaintiff instituted this action, hut the defendant, Mu Wa Tu, Inc., still was in possession of the plaintiff’s premises, and-in its petition the plaintiff, in the form of six questions, properly-asked the trial court for a declaratory judgment as to the legal rights, duties, status and relation of the parties under the circumstances.
 

 
 *49
 
 Hence, the defendants’ demurrer to the plaintiff’s petition was correctly overruled.
 

 Judgment affirmed.
 

 Zimmerman1 234, Bell, Williams, Turner, Matthias and Hart, JJ., concur.