Per Curiam.

Although the question of the validity or construction of the ordinance and the rules and regulations of the city civil service commission and the division of police may be involved, the issue presented by the petition and demurrer thereto is largely one of fact.
Where the resolution of the controversy involved in *403 an action for a declaratory judgment depends largely on a determination of facts although, it may also involve some determination of the meaning of language in a contract or legislative enactment, the trial court, in the exercise of sound discretion, may either entertain or not entertain such action. See Ohio Farmers Ins. Co. v. Heisel, 143 Ohio St., 519, 56 N. E. (2d), 151; Coshocton Real Estate Co. v. Smith, 147 Ohio St., 45, 67 N. E. (2d), 904; American Life & Accident Ins. Co. v. Jones, Admr., 152 Ohio St., 287, 89 N. E. (2d), 301; and Travelers Indemnity Co. v. Cochrane, 155 Ohio St., 305, 98 N. E. (2d), 840. Hence, the judgment of the Court of Appeals, reversing that of the trial court, is reversed, and the judgment of the trial court is affirmed.

Judgment reversed.

Zimmerman, Stewart, Middleton, Taft, Matthias and Hart, JJ., concur.
Weygandt, C. J., concurs in the judgment.