HORN, APPELLANT, *v.* CHILDERS ET AL., APPELLEES.

(No. 963—Decided November 20, 1959.)

*Mr. J. B. Collier,* for appellant.
*Mr. Wayne Elkins,* for appellees.

RADCLIFF, J.   In February 1959 the appellant filed a petition in ejectment in the Common Pleas Court of Lawrence County.   The appellees are the parties defendant in that petition.   The land sought to be recovered in the suit is a .53-acre tract located in Union Township, Lawrence County, Ohio.   The appellees John N. Childers and wife own 0.25 acres of the land, and the appellees Ernest D. Childers and wife own the balance of the tract containing 0.28 acres.   Each pair of appellees filed separate answers and cross-petitions.   The appellant filed replies to each, and the matter came on for hearing before the court, a jury being waived.

At the conclusion of the opening statements, the appellees moved that the court refuse to permit the introduction of any testimony by the appellant, as it would be a collateral attack on a judgment of the Probate Court of Lawrence County entered

on September 16, 1949. The trial court sustained this motion on two grounds:

1. The evidence would be a collateral attack on a judgment of the Probate Court, and

2. The opening statement of appellant revealed no present legal title to the land in question in the appellant and that she was not entitled to possession.

The petition was dismissed.

The trial judge permitted the appellant to proffer certain exhibits and ordered that they be included in the record, because no transcript was made of the opening statements of either appellant or appellees and the court had disposed of the case thereon. These exhibits are:

1. Application for appointment as guardian of Shirley Spears, age 12 years (birth date May 26, 1937). Gladys Horn, Proctorville, Ohio; Edward Spears, Huntington, W. Va. (parents divorced, each remarried). Listed real estate of the value of $200. Signed and sworn to by Gladys Horn, August 10, 1949. (Bears file mark August 10, 1949, Judge, Probate Court.)

2. Notice of hearing on application for appointment of guardian of minor, directed to Shirley Spears. Hearing set for 10 a. m. on August 12, 1949. Dated August 10, 1949. Executed by Helen P. Clarke, Probate Judge. No return shown.

3. Choice of Guardian. Shirley Spears expressed choice of O. E. Irish of Ironton as guardian of her person. Executed by Shirley Spears on August 11, 1949. Bears file mark August 12, 1949. Probate Judge.

4. Bond of Guardian. Bond in the sum of $500 whereas O. E. Irish was appointed guardian of the person and estate of Shirley Spears by the Probate Court of Lawrence County on August 12, 1949, and accepted; tendered his bond with E. L. Riley and J. C. Riley as sureties thereon, executed by O. E. Irish, E. L. Riley and J. C. Riley on August 12, 1949. No witnesses; no approval by the court. Bears file mark August 12, 1949, Probate Judge.

5. Auditors Deed. Rex Fuller, County Auditor, Lawrence County to Shirley Spears—conveys land involved and bears this legend: "This is a duplicate for the original auditor's deed furnished the grantee herein named for the above described

premises which was transferred July 31, 1946, and lost before having been recorded.'' The deed was executed by the grantor and acknowledged on August 12, 1949; marked, ''Transfer not necessary'' and filed for recording on August 12, 1949, recorded, August 15, 1949, in record of deeds, volume 176, page 59.

From the pleadings, the exhibits, the briefs, and perhaps a little from the realm of conjecture, the following evolve as the facts. In 1946 Shirley Spears purchased 0.53 acres of land at a forfeited land sale had pursuant to order of the Common Pleas Court of Lawrence County. Title was taken in the name of Shirley Spears, then aged nine years, the deed recited a consideration of $105 paid by Shirley Spears the grantee. The property was transferred on the auditor's duplicate, but the deed was lost before recording.

On August 10, 1949, Gladys Spears Horn, mother of Shirley Spears, for her own reasons started the proceedings in the Probate Court we have already outlined. Gladys Horn purchased the land at the guardian's sale; and the sale was confirmed on September 16, 1949. There is nothing in the record to substantiate this, other than the recital of that fact in the journal entry from which this appeal was taken.

Gladys Spears Horn conveyed the tract involved herein to Rosie Fuller, mother of Gladys Spears Horn, by a form of conveyance not disclosed. It was conveyed back to Gladys Spears Horn on October 4, 1950, by warranty deed. On March 25, 1952, Gladys Spears Horn, now Burton, and Wilson Burton, her husband, conveyed the 0.53 acres to Ernest D. and Lucy May Childers, two of the appellees herein, by warranty deed. On April 1, 1952, Ernest D. Childers and wife conveyed .25 acres out of the original 0.53 acres to John N. Childers and Opal P. Childers, son and daughter in law of the grantors, and the other appellees herein, by warranty deed. There have been substantial improvements made on the 0.53 acres by both Childers families, and the property now is quite valuable. Both sets of appellees prayed that title be quieted in them and also pleaded, at least by implication, the occupying-claimant law.

Shirley Spears Horn became 21 years of age on May 26, 1958.

The appellant urges that the trial court erred in:

1. Said judgment is contrary to law.

2. In dismissing plaintiff's cause of action and granting final judgment for defendants.

3. For other error apparent on the face of the record.

We will dispose of the case in the same order as the journal entry of the trial court ruled upon the two questions that are raised in this appeal.

The trial court held that the action in the Common Pleas Court was a collateral attack upon a judgment of the Probate Court of Lawrence County and, being a collateral attack, must be dismissed. The jurisdiction to appoint a guardian is conferred upon the Probate Court by Section 2111.02 of the Revised Code. The statute, so far as it applies to the factual situation before us, reads as follows:

"When found necessary, the Probate Court on its own motion or an application by any interested party shall appoint a guardian of the person, the estate, or both, of a minor, incompetent, habitual drunkard, idiot, imbecile, or lunatic or a guardian of the estate of a confined person; provided the person for whom the guardian is to be appointed is a resident of the county or has a legal settlement therein."

Here is the legislative enactment that confers jurisdiction upon the court, but we must take into consideration the statutory provision that directs the court how to proceed in exercising that jurisdiction. We must quote a portion of Section 2111.04 of the Revised Code. That portion deemed necessary to a disposition of this case reads as follows:

"No guardian of the person, the estate, or both shall be appointed until at least three days after the Probate Court has caused written notice, setting forth the time and place of the hearing, to be served upon the following persons:

"(A) In the appointment of the guardian of a minor notice shall be served:

"(1) Upon such minor, if over the age of fourteen years, by personal service;

"(2) Upon each parent of such minor whose name and address are known or can with reasonable diligence be ascertained, provided such parent is free from disability other than minority;

"* * *"

Section 2111.04(B) deals with the appointment of a guard-

ian for persons other than a minor, and it is not necessary to quote that portion of the statute.

It is generally recognized that Probate Courts in Ohio are courts of record and their judgments are to be immune from collateral attack, especially if the attack raises a question of irregularity or procedural defect. It is also generally recognized that the void action of any court in Ohio, including the Probate Court, may be raised in a separate and distinct action even as a collateral attack, because any attack on a void judgment is deemed to be a direct attack.

We are not discussing the question of notice in a guardianship proceeding, we are discussing the question of whether the first sentence of Section 2111.04 is an expression of the legislative intent of the General Assembly of Ohio to require the Probate Court to observe a certain rule as to the passage of time before it can act. The jurisdiction conferred in Section 2111.02 is an exclusive jurisdiction, but the Legislature has said that this jurisdiction shall not be exercised until at least three days after the service of a written notice. In the case before us it was impossible for the court to meet the requirement imposed by the statute. The application for the appointment was executed and filed on August 10, 1949, and the notice of hearing on that application was set for August 12, 1949, at 10 a. m. This was done in the face of the prohibition against proceeding until at least three days after service of notice.

There are no cases directly in point, so apparently these facts raise a question of first impression. We, therefore, must use authorities which apply to our factual problem by analogy and implication. The first of such is found in 32 Ohio Jurisprudence (2d), 392, Section 724, and this language is employed:

"* * * a judgment which is null and void is subject to collateral attack, not only by the parties thereto, but by others—that is, by whomever it might affect * * *."

In the same volume of Ohio Jurisprudence (2d), at page 390, Section 723, is found this pertinent observation:

"An attack upon a judgment appointing a guardian has been held a collateral attack when made in an action against such person for conversion of property, which seizure was attempted to be justified on the ground of the appointment, or when made in an action upon the guardian's bond. However,

the Code has in effect made an attack on the validity of a guardianship for a person other than a minor a direct attack, by providing that such a guardianship may be terminated by proof that the letters of appointment had been improperly issued.''

In the discussion of ''Judicial Sales'' in 32 Ohio Jurisprudence (2d), 468, Section 5, this statement is found:

''* * * The inquiry should be: Have the requisites of the statute been complied with, so as to subject the property in controversy to the judgment of the court, and is such judgment limited to the property named in the bill? If this cannot be answered in the affirmative, the proceedings of the court beyond its jurisdiction are void.''

We now turn to the case law of Ohio on the subject of void or voidable judgments of a court and the question of direct and collateral attack. In *Union Savings Bank & Trust Co., Exr.,* v. *Western Union Telegraph Co.,* 79 Ohio St., 89, the Supreme Court of Ohio laid down the general principle on this proposition in the second paragraph of the syllabus. It reads as follows:

''An order of the Probate Court appointing an executor, if made without jurisdiction, is void, and it may be disregarded in any other court; but if made in the exercise of proper jurisdiction over the subject-matter and estate, although based upon erroneous conclusions of law or fact it cannot be collaterally attacked.''

This general principle has been adhered to down through the years and is re-expressed most forcefully in the case of *Lincoln Tavern, Inc.,* v. *Snader,* 165 Ohio St., 61, and, also, in *Lathrem* v. *Foreman,* 168 Ohio St., 186. The third paragraph of the syllabus of the *Lincoln Tavern case* states the general principle of law with which we are concerned. That paragraph of the syllabus reads as follows:

''Where it is apparent on the face of the record that all the statutory steps have not been complied with in attempting a service by publication, and that there has been no entry of appearance, a court is without jurisdiction, a judgment based upon such faulty service is void *ab initio,* and a sale of real property pursuant to such judgment is invalid and will be set aside even though such property is in the hands of a third person who is a purchaser in good faith.''

In the case before us the Probate Court in the face of a positive statutory prohibition against appointing a guardian until at least three days after service of notice proceeded to make it impossible to comply with the notice section and attempted to exercise jurisdiction which it did not have and could not, under the circumstances, acquire. We are not required to pass upon the necessity of serving a nonresident parent or of the implied waiver of such service by one parent who is a resident. The Probate Court in this proceeding made it impossible to serve the notice, by setting the hearing before the passage of the required three days. The appellees rely in great measure upon the rule in the cases of *Sheldon's Lessee* v. *Newton*, 3 Ohio St., 494, and *In re Gerstenek*, 76 Ohio Law Abs., 280. We will not discuss the facts in those cases but say that they are clearly distinguishable on the facts from the case before us.

As we stated earlier in this opinion, Section 2111.04(B), Revised Code, describes the kind of service required in a proceeding for the appointment of a guardian of the person other than a minor. Failure to comply with that portion of the law has been held to be a violation of the "due process" clause of the Ohio Constitution, and the judgment of the court appointing a guardian without strict compliance therewith has been held to be a nullity. *In re Koenigshoff*, 99 Ohio App., 39, and *In re Guardianship of Reynolds*, 103 Ohio App., 102. Certainly, by analogy, these two cases apply to our factual situation as the same statute is involved. If the failure to serve notice in the case of an incompetent person is lack of "due process" and results in a nullity, certainly the action of the Probate Court in making it impossible to serve notice by setting the hearing prior to the passage of three days in direct contravention of the statute results in a nullity—the judgment void. It could be attacked in any court in any proceedings, as it would be a direct and not a collateral attack. We conclude that the sustaining of the motion of appellees to dismiss the appellant's petition on the ground that it was a collateral attack upon a judgment of the Probate Court was erroneous and contrary to law.

The trial court gave as the second reason for sustaining the motion to suppress evidence and dismiss the appellant's petition, the fact that the appellant had no present legal title to the real estate and therefore could not bring an action in ejectment,

Ejectment in this state is statutory and is the result of legislative enactment of the common law. Section 5303.03 of the Revised Code sets out as follows the allegations necessary to state a cause of action in ejectment:

"In an action for the recovery of real property, it is sufficient if the plaintiff states in his petition that he has a legal estate therein and is entitled to the possession thereof, describing it with such certainty as to identify the property, and that the defendant unlawfully keeps him out of the possession. It is not necessary to state how the plaintiff's estate or ownership is derived."

The trial court ruled that if the appellant in this case had any interest in the real estate she sought to recover it was equitable in nature and could only be established by setting aside the judgment of the Probate Court by collateral attack. We must disagree again with the ruling of the trial judge and cite as our authority for that conclusion the case of *Turnbull* v. *City of Xenia*, 80 Ohio App., 389. In the *Turnbull case* we have exactly the same problem presented, a void deed. The relief sought in the *Turnbull case* was injunction, and the court held, and we think properly so, that where the question of title and the validity of a deed is involved injunction is not the proper relief, but it must be established in an action of ejectment in a court of law. This seems to be the established rule in this state; the case of *Hipsher* v. *Hunter*, 114 N. E. (2d), 842, 847, substantiates it, as does the recent decision in *Avery* v. *Avery, Admx.*, 107 Ohio App., 199. The second paragraph of the syllabus in the *Avery case* reads as follows:

"Under Section 5303.03 of the Revised Code, all questions in respect to the title, legal or equitable, of the parties, may be raised in an action for the recovery of real property."

It is interesting to note that in the *Avery case* we also find a situation that applies by analogy to the first proposition of law in this appeal. The question of construction of a will was involved in the *Avery case*, and as we all know jurisdiction to construe a will is conferred exclusively upon the Probate Court. The Sixth District Court of Appeals held that, as ejectment was the primary relief sought and the question of construction of the will was incidental and secondary thereto, the Common Pleas Court had a perfect right and duty to determine the con-

struction of the will when deciding which party had the right to immediate possession of the real estate.

We conclude that the second reason given by the trial court in sustaining the motion to dismiss the petition of the appellant is contrary to law. We are left with no alternative but to reverse the judgment herein appealed from and remand this cause to the Common Pleas Court of Lawrence County for further proceedings according to law.

*Judgment reversed and cause remanded.*

GILLEN, P. J., concurs.
COLLIER, J., not participating.