CINCINNATI CENTRAL CREDIT UNION, Appellant,

v.

BENSON et al., Appellees.

[Cite as *Cincinnati Cent. Credit Union v. Benson* (1998), 130 Ohio App.3d 755.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–971030.

Decided Dec. 18, 1998.

*Sylvan P. Reisenfeld* and *William B. Fecher,* for appellant.

*James Magee, Jr.* and *Robert K. Roeller,* for appellees.

HILDEBRANDT, Presiding Judge.

Plaintiff-appellant Cincinnati Central Credit Union ("CCCU") appeals from the trial court's dismissal of its complaint pursuant to Civ.R. 12(B)(6). The case before us today is related to a separate action concerning a parcel of land known among these parties as the Fernbank property. That litigation has been pending for a number of years and has been before this court twice before. From that case, we are familiar with the detailed factual background underlying the present claim; however, an abbreviated recitation of the relevant facts is necessary in this case.[1]

---

1. A thorough review of the facts is included in this court's previous decision, *Cincinnati Cent. Credit Union v. Benson* (Aug. 1, 1997), Hamilton App. Nos. C–960882 and C–961110, unreported, 1997 WL 603036.

It is undisputed that defendants-appellees Gary and Mary Benson at one time owned the Fernbank property and that CCCU held a valid mortgage interest in the property. The Bensons filed for bankruptcy, and, in the course of the bankruptcy, submitted a sworn statement indicating that they owned the Fernbank property in fee simple and that CCCU held a valid mortgage interest in the property. As a result of those representations, the trustee in bankruptcy disclaimed the Fernbank property subject to the mortgage, and it was not included in the bankruptcy estate.

Following the conclusion of the bankruptcy proceedings, the Bensons issued a quitclaim deed to the Fernbank property to "Richard Roeller, Trustee," who recorded the deed. Subsequently, CCCU filed an action in foreclosure. In their answer to the complaint in foreclosure, the Bensons denied ownership of the property and the validity of the mortgage interest. Because of the representations the Bensons had made in the bankruptcy proceedings concerning the property and the mortgage, CCCU moved the court to estop the Bensons from denying ownership of the property and the validity of the mortgage interest; however, CCCU did not conduct a title search after it filed its foreclosure action.

The trial court granted CCCU's motion and estopped the Bensons from denying their ownership of the property and validity of the mortgage. The Bensons appealed that ruling, and this court affirmed the order of the trial court, holding:

"The effect of the Bensons' argument would permit an untoward result in which they could discharge their unsecured debts in bankruptcy while sheltering their real estate and then blind-siding their secured creditors in a state court by recanting their previous statements concerning their finances." [2]

The Supreme Court of Ohio declined to exercise jurisdiction over the Bensons' appeal to that court.[3]

The Fernbank property was sold at a foreclosure sale to CCCU, the highest bidder. On the motion of CCCU, and over the objection of the Bensons, the trial court entered an order confirming the sale and ordering distribution of the proceeds. When CCCU attempted to record its title, it discovered that title had already been recorded in Roeller's name, as trustee, as a result of the quitclaim deed. CCCU then attempted through a variety of motions either to have Roeller added as a party defendant to the foreclosure action or to vacate the prior

2. *Cincinnati Cent. Credit Union v. Benson* (July 19, 1995), Hamilton App. Nos. C–940278 and C–940479, unreported, 1995 WL 421854.

3. *Cincinnati Cent. Credit Union v. Benson* (1995), 74 Ohio St.3d 1475, 657 N.E.2d 783.

judgment. The trial court found no basis for either, and this court affirmed that determination.[4]

CCCU then filed the current action, naming the Bensons and Roeller as defendants. CCCU's amended complaint stated causes of action to quiet title, for ejectment, for fraudulent conveyance, for declaratory judgment, and to foreclose on the mortgage on the property. The defendants moved to dismiss the complaint, and the trial court granted the motions. CCCU appealed that decision to this court.

To grant a Civ.R. 12(B)(6) motion, the court must analyze the complaint and conclude that, beyond doubt, the plaintiff can prove no set of facts entitling him to recovery.[5] All of the material allegations in the complaint are, for the purposes of this review, taken as true, and all reasonable inferences are made in favor of the plaintiff.[6] We review the trial court's dismissal pursuant to Civ.R. 12(B)(6) *de novo*.[7]

## The Trial Court Properly Dismissed Plaintiff's Quiet–Title, Fraudulent–Conveyance and Foreclosure Causes of Action.

CCCU's assignments of error relating to the trial court's dismissal of its first, third, and fifth causes of action are overruled. To maintain an action to quiet title, CCCU must show either that it is in possession of the property or that it has a remainder or reversionary interest in the property. R.C. 5303.01. CCCU admitted that it is not in possession. Therefore, CCCU has failed to state a claim to quiet title.

CCCU has also failed to state a claim for fraudulent conveyance because CCCU requested, and obtained, an order in its original action against the Bensons estopping the Bensons from denying ownership of the Fernbank property. Because the Bensons were estopped from denying ownership of the property, it can be said that a judicial determination has been made that the property was never transferred at all, as inapposite to reality as that determination is, at least prior to the confirmation of the sale of the property. Without a transfer, there can be no fraudulent transfer.

---

4. See *Cincinnati Cent. Credit Union v. Benson* (Aug. 1, 1997), Hamilton App. Nos. C–960882 and C–961110, unreported, 1997 WL 603036.

5. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

6. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378, 381.

7. *Bell v. Horton* (1995), 107 Ohio App.3d 824, 826, 669 N.E.2d 546, 547–548.

■ Second, this court has previously held that the Bensons committed no fraud on CCCU with respect to the transfer of the property because they specifically denied ownership of the property in their answer to CCCU's complaint and because the title was properly recorded in Roeller's name as trustee before CCCU's complaint was filed. Now, principles of *res judicata* preclude CCCU from relitigating the issue of fraudulent conduct on the part of the Bensons.

■ Pursuant to the principle of *res judicata*, a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.[8] *Res judicata* applies between parties or their privies when a valid, final judgment has been rendered upon the merits.[9]

The Bensons' alleged fraud, which was the basis of the Civ.R. 60(B) motion previously litigated, is the basis for CCCU's present fraudulent-conveyance cause of action. A final judgment on the merits of that claim has already been rendered. Under these circumstances, CCCU cannot, as a matter of law, obtain relief for any allegedly fraudulent conveyance.

■ The same is true of the foreclosure action CCCU seeks to assert against the Bensons and Roeller. The validity and effect of the mortgage on which CCCU bases its cause of action has already been fully and finally litigated. The property was sold, the sale confirmed, and the proceeds distributed—all upon the motion of CCCU and over the objections of the Bensons. Once again, principles of *res judicata* prevent any further relitigation of the mortgage interest, its validity, or its enforcement. No relief can be granted in foreclosure on a mortgage that has already been foreclosed. Consequently, CCCU has failed to state a claim on which relief can be granted.

For the foregoing reasons, we overrule CCCU's assignments of error relating to the dismissal of its first, third, and fifth causes of action. Our resolution of the foreclosure claim is dispositive of the lawsuit as it relates to defendants Ohio Department of Taxation, Ohio Bureau of Employment Services, and the United States Attorney. These parties were sued solely because they allegedly had filed liens against the property prior to the foreclosure of CCCU's mortgage. Their rights with respect to the property were finally determined in the prior action, and any claims against them are barred by *res judicata*.

---

8. *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 381, 653 N.E.2d 226, 228.

9. *Id.* at 382, 653 N.E.2d at 229; *Ameigh v. Baycliffs Corp.* (1998), 81 Ohio St.3d 247, 690 N.E.2d 872.

### The Trial Court Erred in Dismissing CCCU's
### Second and Fourth Causes of Action.

We reach a different result with respect to CCCU's claims for ejectment and for a declaratory judgment. We hold that the trial court erred in dismissing those claims because CCCU has alleged facts that, if proven, would entitle them to relief.

CCCU's second cause of action is based on R.C. 5303.03, which states:

"In an action for the recovery of real property, it is sufficient if the plaintiff states in his petition that he has a legal estate therein and is entitled to the possession thereof, describing it with such certainty as to identify the property, and that the defendant unlawfully keeps him out of the possession. It is not necessary to state how the plaintiff's estate or ownership is derived."

Any and all questions with respect to the title of land can be brought pursuant to this section, regardless of whether the plaintiff is in possession of the property or whether the plaintiff has a present legal title in the property.[10] CCCU stated in its complaint that it has a viable claim of a legal interest in the Fernbank property, and our review of the pleadings in this case compels the conclusion that CCCU in fact might be able to prove facts entitling it to relief under R.C. 5303.03.

As indicated above, there exists a prior judicial determination that the Bensons owned the property in fee simple when CCCU filed its action to foreclose. Under Ohio law, when property is purchased pursuant to a foreclosure sale, equitable title to the property passes to the purchaser *upon confirmation of the sale.*[11]

Thus, CCCU's second cause of action, in which it claims that it is entitled to ownership and possession of the property and that the Bensons and Roeller are unlawfully keeping CCCU from possession, states a claim on which relief can be granted. Unlike the issues in CCCU's third and fifth causes of action, the issues raised by CCCU's claim for ejectment were not litigated in the previous foreclosure action against the Bensons.

CCCU's priority of title and entitlement to ownership and possession of the property *as against Roeller as a trustee* has never been litigated. Likewise, the

---

10. *Horn v. Childers* (1959), 116 Ohio App. 175, 182, 22 O.O.2d 34, 38, 187 N.E.2d 402, 407; *Avery v. Avery* (1958), 107 Ohio App. 199, 8 O.O.2d 91, 157 N.E.2d 917.

11. See *Brockschmidt v. Archer* (1901), 64 Ohio St. 502, 60 N.E. 623; see, also, *Cent. Natl. Bank of Cleveland v. Ely* (App.1942), 37 Ohio Law Abs. 18, 44 N.E.2d 822, cited in *Mitchell v. Crain* (1958), 108 Ohio App. 143, 152, 9 O.O.2d 189, 194, 161 N.E.2d 80, 87.

determination in the prior case that the Bensons owned the property in fee simple and that the mortgage was valid did not determine whether the Bensons are currently preventing CCCU's possession of the property. The conduct that forms the basis of CCCU's ejectment action is alleged to have occurred after its foreclosure on the mortgage, at which time CCCU claims it obtained a title and interest in the property superior to Roeller's.

Thus, CCCU has alleged facts that state a claim upon which relief can be granted in its second cause of action. Dismissal of CCCU's cause of action for ejectment against the Bensons and Roeller was erroneous. Dismissal was also improper as against an "unknown tenant," Robert Goering, and Dusty Rhodes, all of whom are alleged to have an interest in the property that may be affected by a determination pursuant to R.C. 5303.03.

CCCU's claim for declaratory relief is based on substantially the same facts as its claim for ejectment. R.C. 2721.02 states that "courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed." Under this provision, courts have the power to declare rights, status, and other legal relations "irrespective of whether further relief is or could be claimed."[12]

To be entitled to declaratory relief, CCCU must demonstrate that (a) a real controversy between the parties exists, (b) the controversy is justiciable, and (c) speedy relief is necessary to preserve the rights of the parties.[13] A court may dismiss an action for declaratory judgment prior to reaching the merits of the case if there is neither a justiciable issue nor an actual controversy between the parties requiring speedy relief or if the declaratory judgment would not terminate the uncertainty or controversy.[14] Neither reason was cited by the trial court as a basis for dismissing the claim.

CCCU's complaint sufficiently alleges a cause of action for declaratory judgment to the extent that it requests a declaration of rights that were not determined in the first action. Because CCCU requests a determination of its rights to the Fernbank property in relation to Roeller's rights, and because the request is based on conduct occurring after CCCU allegedly acquired title, the declaratory judgment action is not barred by *res judicata*. CCCU has stated a

---

12. *Coshocton Real Estate Co. v. Smith* (1946), 147 Ohio St. 45, 33 O.O. 241, 67 N.E.2d 904.

13. *Ohio Assn. of Life Underwriters, Inc. v. Duryee* (1994), 95 Ohio App.3d 532, 534, 642 N.E.2d 1145, 1146.

14. *Halley v. Ohio Co.* (1995), 107 Ohio App.3d 518, 524, 669 N.E.2d 70, 74–75, citing *Burger Brewing Co. v. Liquor Control Comm.* (1973), 34 Ohio St.2d 93, 63 O.O.2d 149, 296 N.E.2d 261, and *Wagner v. Cleveland* (1988), 62 Ohio App.3d 8, 574 N.E.2d 533.

cause of action for declaratory judgment against the Bensons, Roeller, the unknown tenant, Goering, and Rhodes.

## Resolution of Other Claims

CCCU's complaint includes the Ohio Bureau of Workers' Compensation and Star Bank, N.A., as defendants. However, the complaint fails to plead any facts to support any cause of action against either of these defendants. In fact, the complaint never mentions these defendants apart from their inclusion as parties, and it does not indicate why or how these parties have an interest in, or are necessary parties to, this action.

However, neither party has moved for dismissal, and CCCU has not had an opportunity to defend their inclusion in the complaint. On remand of this cause, the trial court is to determine whether any cause of action exists against these defendants and to proceed accordingly.

## Conclusion

For the foregoing reasons, the trial court's judgment is affirmed in part and reversed in part. We affirm the trial court's dismissal of CCCU's first and fifth causes of action against the Bensons, Roeller, the Ohio Bureau of Employment Services, the state of Ohio, and the United States Attorney. We also affirm the trial court's dismissal of CCCU's third cause of action against the Bensons and Roeller. We reverse the dismissal of CCCU's second and fourth causes of action against the Bensons, Roeller, the unknown tenant, Goering, and Rhodes. We remand this cause for further proceedings consistent with this decision.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

GORMAN and MARIANNA BROWN BETTMAN, JJ., concur.