In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3247

IN RE:
ROBERT N. JONES and MARGARET N. JONES,

Debtors,

PHILIP F. BOBERSCHMIDT, TRUSTEE,

Plaintiff-Appellee,

v.

SOCIETY NATIONAL BANK,
n/k/a KEY BANK,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. IP 98-789-C-B/S--Sarah Evans Barker, Chief Judge.

Argued March 30, 2000--Decided August 31, 2000

Before HARLINGTON WOOD, JR., EASTERBROOK, and KANNE,
Circuit Judges.

HARLINGTON WOOD, JR., Circuit Judge.  This appeal
arises out of an adversary proceeding filed by
Philip F. Boberschmidt (the "Trustee") against
Society National Bank, n/k/a Key Bank ("Key
Bank"), in connection with the bankruptcy case of
Robert N. Jones and Margaret N. Jones (the
"Debtors") seeking to recover the payment of
proceeds from the foreclosure sale of Debtors'
primary residence. The bankruptcy court granted
summary judgment in favor of the Trustee, and the
district court affirmed. Key Bank appeals,
arguing that the doctrine of issue preclusion
prevents the relitigation of the validity of the
mortgage at issue and, alternatively, that the
payment received was not a preferential transfer.
I.  BACKGROUND

  On November 18, 1987, Debtors executed a Prime
Equity Line of Credit Agreement and Open-End
Mortgage (the "mortgage") in favor of Key Bank to
secure an indebtedness of $350,000. The mortgage,

which was recorded in Cuyahoga County, Ohio on December 7, 1987, purports to secure Debtors' obligation to Key Bank with a security interest in Debtors' primary residence. Mr. Jones stated in an affidavit that he and his wife signed the mortgage "in [their] home, in the presence of no witnesses, and then mailed" it to Key Bank./1 Along with the Jones' signatures, the recorded mortgage has two signatures under the statement "signed and acknowledged in the presence of" as well as a signed acknowledgment accompanied by a notary's seal.

A foreclosure action involving the residence that was subject to the Key Bank mortgage was filed in the Court of Common Pleas Cuyahoga County, Ohio. On January 28, 1994, the Ohio court issued a Partial Judgment Entry and Foreclosure Decree, ordering the Cuyahoga County Sheriff to sell the residence at a public sale. The residence was sold at a sheriff's sale on March 28, 1994, and the Ohio court entered a Confirmation of Sale Order on April 14, 1994. On June 24, 1994, the Ohio court entered an Amended Order of Distribution which provided in part:

The Court finds that there is due to Defendant Society National Bank, $221,295.50 on the Line-of-Credit Agreement . . . . The Court further finds that in order to secure said indebtedness, a certain Mortgage Deed was executed and delivered by Defendants Robert N. Jones and Margaret Jones, securing the premises designated as "Parcel One" herein, which Mortgage was filed for record on December 7, 1987, in volume 87-7780, Page 48 of Cuyahoga County Records, which thereby became and is a good, valid and subsisting second lien on "Parcel One."

The court then supplemented its original order of distribution, directing disbursement of the foreclosure proceeds after three initial payments were made, "To Society National Bank on its second Mortgage, $221,295.50. [and then] To Bank One, Akron, N.A., in partial payment of its third Mortgage, the balance of the funds allocated for the payment of the liens on 'Parcel One.'" After receiving a copy of the court order, on June 24, 1994, the sheriff's office distributed $221,295.50 of the foreclosure sale proceeds to Key Bank.

Also on June 24, 1994, Debtors filed a voluntary petition for Chapter 7 relief in the United States Bankruptcy Court for the Southern District of Indiana. On June 20, 1996, the Trustee filed a complaint in an adversary proceeding against Key Bank in the bankruptcy court, seeking the return of the $221,295.50 paid to Key Bank out of the foreclosure sale proceeds.

The Trustee asserted that the mortgage was invalid against the Trustee and the payment represented a preferential transfer under 11 U.S.C. sec. 547. The parties filed cross-motions for summary judgment. After a hearing, the bankruptcy judge granted summary judgment in favor of the Trustee, rejecting Key Bank's claim of issue preclusion and holding that the mortgage was defective and the payment constituted a preferential transfer which the Trustee could avoid. Key Bank appealed. On May 28, 1999, the district court affirmed the bankruptcy court's ruling with respect to issue preclusion but reversed its decision as to preferential transfer and entered judgment in favor of Key Bank. The Trustee filed a timely motion to reconsider, which the district court granted. On July 29, 1999, the district court filed an order affirming the bankruptcy court on all issues and granted judgment in favor of the Trustee. Key Bank appeals. We have jurisdiction pursuant to 28 U.S.C. sec. 158(d). See In re Sandy Ridge Oil Co., Inc., 807 F.2d 1332, 1333-34 (7th Cir. 1986).

II.  ANALYSIS

Key Bank asserts that the doctrine of issue preclusion prevents the relitigation of the validity of the mortgage as the matter was already decided in Key Bank's favor by the Ohio court in the foreclosure action. Alternatively, Key Bank contends that, even if the mortgage is determined to be defective, the fact that foreclosure proceedings had taken place and distribution of the proceeds had been made precludes the Trustee from avoiding the transfer under 11 U.S.C. sec. 547(b). We review the bankruptcy court's conclusions of law de novo and will uphold its findings of fact unless clearly erroneous. In re Lefkas Gen. Partners, 112 F.3d 896, 900 (7th Cir. 1997). The district court's grant of summary judgment is a conclusion of law subject to de novo review. Id.

A.  Issue Preclusion

"A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Therefore, we apply the doctrine of issue preclusion as interpreted by Ohio courts to determine whether the Ohio foreclosure action bars the Trustee's challenge to the validity of the mortgage. See Cincinnati Cent. Credit Union v. Benson, 721 N.E.2d 410, 413 (Ohio Ct. App. 1998); Bank One Dayton, N.A. v. Ellington, 663

N.E.2d 660, 662 (Ohio Ct. App. 1995) (applying principles of res judicata to prevent relitigation of validity of a mortgage following a foreclosure action). Under Ohio law, the doctrine of issue preclusion "precludes further action on an identical issue that has been actually litigated and determined by a valid and final judgment as part of a prior action among the same parties or those in privity with those parties." State v. Williams, 667 N.E.2d 932, 935 (Ohio 1996). The dispute in the present case turns on the issue of privity; the parties agree that the other elements necessary for preclusion are satisfied.

Under Ohio law, in order to determine "whether there is privity of parties, 'a court must look behind the nominal parties to the substance of the cause to determine the real parties in interest.'" Fort Frye Teachers Ass'n v. State Employment Relations Bd., 692 N.E.2d 140, 144 (Ohio 1998) (quoting Trautwein v. Sorgenfrei, 391 N.E.2d 326, 331 (Ohio 1979)). "[A] person is in privity with another if he is so identified in interest with such person that he represents the same legal right." Deaton v. Burney, 669 N.E.2d 1, 5 (Ohio Ct. App. 1995) (citing Fightmaster v. Tauber, 183 N.E. 116, 117 (Ohio Ct. App. 1932)). As we have recognized, "[a] trustee in bankruptcy represents the interests of creditors." In re Luster, 981 F.2d 277, 279 (7th Cir. 1992). Debtors' creditors were not the real parties in interest in the foreclosure action. Furthermore, while Ohio Rev. Code Ann. sec. 5301.01 sets out certain requirements which must be satisfied in order for a mortgage to be valid against third parties, the Ohio Supreme Court has held that, absent fraud, an instrument which fails to satisfy sec. 5301.01 is nevertheless valid between the parties to the instrument. See Basil v. Vincello, 553 N.E.2d 602, 606 (Ohio 1990). Therefore, the Debtors were not so identified in interest with their creditors that they could be said to represent the same legal right in the Ohio foreclosure action. The Trustee was not in privity with the Debtors, and the foreclosure action does not preclude the Trustee's challenge to the validity of the mortgage.

B.  Preferential Transfer

Key Bank does not dispute the finding that it held an unperfected security interest based on the fact that the mortgage was defective under Ohio Rev. Code Ann. sec. 5301.01, nor does it contend that the foreclosure proceedings served to perfect its interest. However, Key Bank asserts that the Trustee fails to establish how, under Ohio law, anyone could have avoided the transfer

of the foreclosure sale proceeds because "[a]t the time the Debtors' petition was filed, the real estate had been sold; the Debtors' right of redemption had expired; an Order was entered that Key Bank [was] entitled to the foreclosure proceeds; and the proceeds had been paid to Key Bank."

Section 547(b) of the Bankruptcy Code, 11 U.S.C. sec. 547(b), allows a trustee to avoid certain preferential transfers. We, therefore, must determine whether the transfer of the proceeds of the foreclosure action constituted a preferential transfer under sec. 547(b). If so, the Trustee may avoid the transfer and recover the payment. A transfer of an interest of a debtor in property satisfies sec. 547(b) if it (1) was made to or for the benefit of a creditor, (2) was on account of an antecedent debt, (3) was made while the debtor was insolvent, (4) was made on or within 90 days before the date of the filing of the petition, and (5) allowed the creditor to receive more than it would have under Chapter 7 of the Bankruptcy Code. Id. The Trustee bears the burden of proving the elements of sec. 547(b). In re Badger Lines, Inc., 140 F.3d 691, 698 (7th Cir. 1998). Key Bank contends that the Trustee failed to establish, first, that any interest of the Debtors was transferred to Key Bank and, secondly, that the payment enabled Key Bank to receive more than it would have received under Chapter 7.

Under the Bankruptcy Code, "'transfer' means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption." 11 U.S.C. sec. 101(54). Therefore, the fact that the transfer was made pursuant to a state court judgment rather than voluntarily does not alter our analysis. Furthermore, while the Bankruptcy Code does not define "an interest of the debtor in property," this court has noted that, in general, "property belongs to the debtor for purposes of sec. 547 if its transfer will deprive the bankruptcy estate of something which could otherwise be used to satisfy the claims of creditors." In re Merchants Grain, Inc., 93 F.3d 1347, 1352 (7th Cir. 1996) (internal quotations and citations omitted). In the present case, the sale of the Debtors' home, the confirmation of sale, the order of distribution, and the distribution of the proceeds all occurred within the preference period. Taken together, these events clearly constitute a transfer of the Debtors' interest in property.

Key Bank's argument with respect to the fifth element, whether it received more than it would have under Chapter 7, is based completely on the assertion that Key Bank as a secured creditor was entitled to the proceeds from the foreclosure sale. This argument is unpersuasive, given our conclusion that the Trustee is not precluded from relitigating the validity of the mortgage together with Key Bank's concession that its security interest was unperfected. A security interest that has not been perfected prior to the filing of a bankruptcy is unenforceable against the trustee. In re Vitreous Steel Products Co., 911 F.2d 1223, 1235 (7th Cir. 1990)./2 In a Chapter 7 liquidation, Key Bank would be entitled to recover only its proportionate share of the proceeds along with the other creditors. The payment of the proceeds of the foreclosure sale constitutes a preferential transfer which the Trustee may avoid under sec. 547(b).

III.  CONCLUSION

   The district court's grant of summary judgment in favor of the Trustee is AFFIRMED.

/1 Ohio Rev. Code Ann. sec. 5301.01 requires that a signature on a mortgage be acknowledged in the presence of two witnesses who must attest the signing and acknowledged before "a judge or clerk of a court of record in this state, or a county auditor, county engineer, notary public, or mayor."

/2 The parties debate the applicability of 11 U.S.C. sec. 544 following the Ohio court foreclosure and distribution order. However, because Key Bank is not a secured creditor, this debate is irrelevant. The Trustee does not need to invoke his sec. 544 strong-arm powers to render Key Bank unsecured because Key Bank never possessed a valid security interest.