JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal of an order of Judge Thomas J. Pokorny that overruled Arlene Reynolds' motion to dismiss a final judgment for lack of subject matter jurisdiction. Reynolds claims the common pleas court had no jurisdiction over her complaint for declaratory judgment and quantum meruit because it was an action for possession of property within the exclusive jurisdiction of the Cleveland Municipal Court's Housing Division. We disagree and affirm.
 {¶ 2} On September 1, 1998, Reynolds filed a complaint against Marcina Strider Clark, Executrix for the Estate of Bessie B. Robinson, deceased, that alleged breach of contract, quantum meruit, and requested declaratory judgment. The complaint followed Clark's rejection of Reynolds' claims against Robinson's estate[1] for $12,800 and recognition of her "lifetime leasehold interest" in an apartment at 13501 Caine Avenue, Cleveland, which Robinson allegedly promised to her as payment for services as a live-in nurse and housekeeper. The complaint stated three counts, including (1) a claim titled "breach of contract" and requesting the $12,800 due under the alleged contract for services; (2) a request for a declaratory judgment that Reynolds had a "lifetime leasehold interest" in her Caine Avenue residence and for a judgment "enforcing the lease"; and (3) a count designated as "quantum meruit" that requested $34,723.61 as restitution for improvements made to the Caine Avenue residence. Clark filed an answer and counterclaimed for $30,400 in unpaid rent through October 1998.
 {¶ 3} While that case was pending, Clark filed a forcible entry and detainer action in the Cleveland Municipal Court Housing Division, and obtained a Writ of Eviction on February 25, 2000, which was stayed pending an appeal. On November 16, 2000, this court affirmed a municipal court judgment that granted Clark possession, finding that the common pleas court's resolution of Reynolds' claims was irrelevant to the right of present possession.[2]
 {¶ 4} On October 25, 2000, the judge ruled that the agreements to pay money and provide a residence in return for nursing and housekeeping services were based on past consideration and unenforceable, and that the agreement granting a lifetime leasehold violated the Statute of Frauds.[3] The judge found in Reynolds' favor on her quantum meruit claim for restitution, but limited her recovery to real estate tax payments and improvements shown by properly authenticated exhibits, a total of $3,012.93. He denied Clark's counterclaim for the same reason he approved restitution, finding that Reynolds' justifiable, detrimental reliance on the defectively memorialized agreement precluded an award of damages for unpaid rent. The judge then ordered that Reynolds vacate the premises on January 1, 2001, but that she could live there rent-free until that time.
 {¶ 5} Neither party appealed, and the record is silent concerning whether the judgment was satisfied. On July 6, 2001, through different counsel, Reynolds moved to dismiss counts two and three of the complaint and Clark's counterclaim for lack of subject matter jurisdiction, arguing that those claims could only be construed as actions for possession of real property within the exclusive jurisdiction of the Cleveland Municipal Court, Housing Division.
 {¶ 6} The judge overruled the motion, and Reynolds asserts a single assignment of error:
 {¶ 7} "The Trial Court, a Court of Common Pleas, Erred in Finding That it Had Subject Matter Jurisdiction over an Action in Ejectment under O.R.C. 5303.03, and the Accompanying `Claimants Law,' [R.C.] 5303.04 to 5303.17, since the Housing Division of the Cleveland Municipal Court Has Exclusive Subject Matter Jurisdiction over Actions in Ejectment, and under the `Claimants Law,' under the Express Grant of Jurisdiction in O.R.C. 1901.181, and since Defendant's Counterclaim and Plaintiff's Claims Constituted an Action in Ejectment and an Assertion of Claims and Defenses under the `Claimants Law.'"
 {¶ 8} Despite the fact that Reynolds did not appeal the October 25, 2000 judgment, she is entitled to challenge the judge's subject matter jurisdiction at any time by invoking the court's inherent authority to vacate a void judgment even after it has been entered.[4]
Subject matter jurisdiction cannot be waived,[5] and judgment entered without such jurisdiction is void ab initio.[6] Where necessary, our denovo review of a Civ.R. 12(B)(1) motion utilizes the entire record; the determination is unlike a motion to dismiss for failure to state a claim, which is limited to the facts alleged in the complaint.[7]
 {¶ 9} The existence of subject matter jurisdiction depends on whether the complaint states any cause of action the judge has authority to hear.[8] Reynolds claims that counts two and three of her complaint, and Clark's counterclaim, could only be construed as an action for ejectment under R.C. 5303.03, and that such a claim is under the exclusive jurisdiction of the housing division under R.C. 1901.181. We agree that an action for possession under R.C. 5303.03 is within the exclusive jurisdiction of the housing division, but we disagree with Reynolds' claim that her complaint stated such an action.
 {¶ 10} Count two of her complaint, titled "declaratory judgment," requested a declaration that she had a "lifetime leasehold interest" in the Caine Avenue residence, as well as a judgment "enforcing" that interest. The record shows that at the time she filed her complaint, Reynolds lived in the apartment in which she claimed the life interest. She was, therefore, in possession of the property and her action was one to quiet title under R.C. 5303.01, and not in ejectment. R.C. 1901.181
does not divest common pleas courts of jurisdiction over quiet title actions, and thus the judge had authority to declare Reynolds' interest in the property for purposes of this action.
 {¶ 11} Moreover, the exclusive jurisdiction of the housing division extends only to those actions seeking present possession; even if Reynolds had been out of possession, she could still bring a declaratory judgment action in the common pleas court to request a determination of her interest in the property, because the common pleas court had jurisdiction to determine her rights under the alleged contracts.[9] Therefore, even though she claims the judge had no jurisdiction to render a declaratory judgment because he had no authority to grant possession, we disagree. The fact that Reynolds would have to enforce her right to possession in a different court did not deprive the judge of his authority to declare her right to do so. The exclusive jurisdiction conferred in R.C. 1901.181 does not divest other courts of their power to determine who has the right to possession; if this were so the housing division would, for example, become the sole authority competent to construe testamentary provisions devising real property. The exclusive jurisdiction extends only to the action for actual possession, which is a unique, stylized, and limited process best suited for a single court whose judges and administrators are familiar with the necessary proceedings.[10]
 {¶ 12} Reynolds asserts, however, that Clark's counterclaim stated an action for possession under R.C. 5303.03 that invoked the housing division's exclusive jurisdiction and changed the claims in her complaint into responsive pleadings. Count two of her complaint presumably would serve as a general denial under R.C. 5303.04, and she claims that count three can only be viewed as a claim for improvements by an "occupying claimant" under R.C. 5303.08. This argument fails.
 {¶ 13} Clark's counterclaim alleged that Reynolds was unlawfully in possession and requested only unpaid rent as relief, and thus is not properly seen as an action for actual possession under R.C. 5303.03. Moreover, because of the nature of Reynolds' claimed interest, the counterclaim was cognizable as a quiet title action under R.C. 5303.01
because Robinson's estate still maintained an interest as owner/lessor or as remainderman of the "leasehold interest," and/or maintained a reversionary interest if Reynolds' claim was viewed as one for a life estate. As lessor, Clark could maintain the action as one in possession[11] or, even if she was considered out of possession, she could maintain a quiet title action against Reynolds as the holder of a remainder or reversionary interest.[12]
 {¶ 14} Count three of Reynolds' complaint, titled "quantum meruit," sought restitution for maintenance expenses and improvements made to the residence during the course of Reynolds' "lease" of the premises. Under R.C. 5303.08, an "occupying claimant" can resist a claim for possession until he is paid for the value of improvements to the property, but the claim here sought recovery for maintenance and improvements without qualification. Even if it could be construed as a claim under R.C. 5303.08, Reynolds cannot show, as she must, that this count can only be viewed as an action under that section. The plain language of this count requested restitution for improvements in addition to the request for a declaration of her interest in the property, not as an alternative plea. Furthermore, even if the quantum meruit claim was an alternative,[13] the request for restitution remained separate from a claim for actual possession, because Clark did not request actual possession.
 {¶ 15} Although the judge had no jurisdiction to enforce his order that Reynolds could remain in the apartment until January 1, 2001, that portion of his order was not enforced. By Reynolds' admission, Clark gained possession on March 16, 2001, through a forcible entry and detainer action instituted pursuant to the decision in Cuyahoga App. No. 77749 and, based upon Judge Pokorny's final judgment, the housing division did not find Reynolds liable for past due rent.
 {¶ 16} The judge's valid orders in this case did not allow Reynolds to challenge her eviction and, therefore, she would obtain no relief by vacating that part of the order that went beyond the judge's jurisdiction. She is not entitled to dismissal of the entire judgment merely because one part of the judge's order exceeded his jurisdiction.[14] Where a judge had authority to hear the action, the fact that he exceeded his authority in ordering relief does not require dismissal of the case, but only requires vacation of the void portion of the order. Because Reynolds did not request such relief and that part of the order was never enforced and is now moot, there is no sense in ordering it vacated. Therefore, the judge did not err in overruling Reynolds' Civ.R. 12(B)(1) motion, because he had authority to declare her interest in the property and rule on her claim for quantum meruit relief. We overrule the assignment of error.
Judgment affirmed.
It is ordered that the appellee recover from appellant costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., and DIANE KARPINSKI, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E), unless a motion for reconsideration with supporting brief, per App.R. 26(A) is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] Under R.C. 2117.11.
[2] Clark v. Reynolds (Nov. 16, 2000), Cuyahoga App. No. 77749.
[3] R.C. 1335.04.
[4] Patton v. Diemer (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph four of the syllabus.
[5] In re Palmer (1984), 12 Ohio St.3d 194, 196-197, 12 OBR 259,465 N.E.2d 1312. The doctrine of estoppel, however, can in some circumstances defeat a challenge to subject matter jurisdiction. The doctrine as stated in Palmer, however, does not appear directly applicable here, and Clark did not file a brief, so has not raised the issue or argued that estoppel should be expanded to reach the challenge here.
[6] Patton, paragraph three of the syllabus.
[7] Brethauer v. Fed. Express Corp. (2001), 143 Ohio App.3d 411, 413,758 N.E.2d 232.
[8] Id.; Avco Fin. Servs. Loan, Inc. v. Hale (1987), 36 Ohio App.3d 65,67, 520 N.E.2d 1378.
[9] R.C. 2721.03, 2721.04.
[10] See State ex rel. Carpenter v. Warren Mun. Court (1980),61 Ohio St.2d 208, 209-210, 15 O.O.3d 225, 400 N.E.2d 391 (forcible entry and detainer action seeks immediate possession and resolves only that question); Miele v. Ribovich (2000), 90 Ohio St.3d 439,441,2000-Ohio-193, 739 N.E.2d 333(forcible entry and detainer is expedited proceeding with rules designed to aid its special purpose).
[11] Sturgell v. Bott (May 20, 1991), Fayette App. No. CA90-09-014.
[12] Cincinnati Cent. Credit Union v. Benson (1998), 130 Ohio App.3d 755,759, 721 N.E.2d 410.
[13] It makes sense that a quantum meruit claim would be an alternative to Reynolds' request to declare her life interest in the residence as a contractual obligation. However, count three of the complaint could be construed as stating a claim exclusively in restitution, without reference to her expectations in quasi-contract.
[14] See, e.g., Bolinger v. Bolinger (1990), 49 Ohio St.3d 120,122-123, 551 N.E.2d 157 ("[I]n these types of cases" the judge need not conduct entirely new proceedings, but must only correct the error).