[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Appellant, Larry P. Raymer, appeals a decision of the Hamilton County Juvenile Court denying his motion to seal the record of his 1975 adjudication of delinquency. In his sole assignment of error, he contends that the juvenile court erred in denying his motion on the basis of res judicata.
 {¶ 3} The doctrine of res judicata bars successive actions when a valid, final judgment has been rendered upon the merits and an identity of parties or their privies exists. It applies where an issue has been actually litigated and determined in a prior action. Ameigh v. BaycliffsCorp., 81 Ohio St.3d 247, 1998-Ohio-467, 690 N.E.2d 872; CincinnatiCentral Credit Union v. Benson (1998), 130 Ohio App.3d 755, 721 N.E.2d 410;State v. Haney (Nov. 23, 1999), 10th Dist. No. 99AP-159. The record demonstrates that Raymer has appealed from an entry denying his fifth successive motion to seal the record of his adjudication of delinquency. The juvenile court had also denied all of his previous motions. Raymer raised the same arguments in all of these motions, and the issue has already been litigated. Consequently, the juvenile court did not err in overruling Raymer's motion on the basis of res judicata. See Haney, supra; State v. Abdullah (Apr. 26, 1999), 12th Dist. No. CA98-08-065;State v. Shamatta (Dec. 7, 1995), 8th Dist. No. 69035.
 {¶ 4} Further, the juvenile court may grant a motion to seal the record of a juvenile adjudication if it finds that the applicant is satisfactorily rehabilitated. R.C. 2151.318(D); State v. Lowe (Aug. 7, 1995), 12th Dist. No. CA94-12-012. The decision whether to seal the record lies within the trial court's discretion. In re Anspach (2000),136 Ohio App.3d 535, 737 N.E.2d 115. In this case, the record shows that Raymer had adult convictions and was incarcerated at the time he filed his motions to have the record sealed. Under the circumstances, we cannot hold that the juvenile court abused its discretion in finding that Raymer was not satisfactorily rehabilitated. See Anspach, supra; Lowe, supra. Accordingly, we overrule his assignment of error and affirm the juvenile court's judgment.
 {¶ 5} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.